The ANDERSON GROUP, LLC, Gail Anderson, Plaintiffs–Appellees,

v.

Michael LENZ, Thomas Curley, Matthew McCabe, Thomas McTygue, Stephen Towne, Lewis Benton, Robert Bristol, Robert Israel, William McTygue, Nancy Ohlin, Lou Schneider, Defendants–Appellants,

Court for the Southern District of New York, sitting by designation.

---

\* The Honorable Miriam Goldman Cedarbaum, Senior Judge of the United States District

City of Saratoga Springs, Saratoga
Springs City Council,
Defendants.

No. 07–5311–cv.

United States Court of Appeals,
Second Circuit.

June 30, 2009.

Gregg T. Johnson, Lemire Johnson, LLC, Malta, N.Y., for Appellants.

Reed N. Colfax, Relman & Dane, PLLC, Washington, D.C. (Peter A. Lynch, Lynch & Lynch, Albany, N.Y., on the brief), for Appellees.

PRESENT: Hon. B.D. PARKER and Hon. RICHARD C. WESLEY, Circuit Judges, Hon. MIRIAM GOLDMAN CEDARBAUM,* District Judge.

### SUMMARY ORDER

Defendants–Appellants ("Defendants"), all of whom are individual members of the Saratoga Springs Planning Board, appeal from the order of the United States District Court for the Northern District of New York (Sharpe, *J.*) denying their claims to qualified and legislative immuni-

* The Honorable Miriam Goldman Cedarbaum, Senior Judge of the United States District Court for the Southern District of New York, sitting by designation.

ty. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues raised on appeal.

■ We first address Defendants' challenge to the District Court's denial of qualified immunity. Because our review of the court's qualified immunity determination would not be limited to an abstract question of law, but instead would be "fact-based," *Ashcroft v. Iqbal,* — U.S. —, 129 S.Ct. 1937, 1947, 173 L.Ed.2d 868 (2009) (citing *Johnson v. Jones,* 515 U.S. 304, 317, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995)), we lack jurisdiction to hear this interlocutory appeal. We therefore dismiss Defendants' interlocutory appeal insofar as it contests the District Court's denial of qualified immunity.

■ Defendants' challenge to the District Court's denial of legislative immunity does not pose the same jurisdictional problem, in light of the fact that it raises a "neat abstract issue[ ] of law." *Johnson,* 515 U.S. at 317, 115 S.Ct. 2151 (internal quotation marks and citation omitted). We therefore review the court's legislative immunity determination *de novo. State Employees Bargaining Agent Coalition v. Rowland,* 494 F.3d 71, 82 (2d Cir.2007). Legislative immunity is a form of absolute immunity reserved for officials acting within the sphere of legitimate legislative activity. *See id.* at 82–83. As the District Court noted, the inquiry as to whether a defendant is entitled to legislative immunity focuses on whether, "stripped of all considerations of intent and motive," the defendant's actions "were, in form, quintessentially legislative" or were "integral steps in the legislative process." *Bogan v. Scott-Harris,* 523 U.S. 44, 55, 118 S.Ct.

966, 140 L.Ed.2d 79 (1998); *see also Rowland,* 494 F.3d at 89–90.

The court below correctly concluded that the action taken by Defendants with regard to Plaintiffs–Appellees' special use permit application was administrative in nature, and thus not of the sort legislative immunity was intended to cover. *See, e.g., Rowland,* 494 F.3d at 92. We therefore affirm the District Court's denial of legislative immunity.

Accordingly, we hereby **DISMISS** the appeal for lack of appellate jurisdiction insofar as it challenges the District Court's denial of qualified immunity. We **AFFIRM** the order of the District Court insofar as it denied Defendants legislative immunity.